CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 29 2012

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MICHAEL A. RIGOLE, | ) | CASE NO. 7:12CV00230 |
| | ) | |
| Petitioner, | ) | |
| | ) | MEMORANDUM OPINION |
| v. | ) | |
| | ) | |
| VA DOC SUSSEX I STATE PRISON, | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Respondent. | ) | |

Michael A. Rigole, a Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Rigole, who stands convicted of first degree murder and sentenced to life in prison, challenges the validity of his confinement. Upon review of the record, the court concludes that the petition must be summarily dismissed without prejudice for failure to exhaust state court remedies.

Rigole states that he pleaded guilty in the Circuit Court for Washington County to a charge of first degree murder, and on June 25, 2010, the Court sentenced Rigole to a life sentence. Rigole also states that he did not appeal and has not previously filed any other petition challenging his conviction or sentence.

Rigole signed and dated the instant § 2254 petition on May 22, 2012, and the court received and docketed it on May 24, 2012. Liberally construed, Rigole's submissions allege the following grounds for relief: (a) the evidence was insufficient to support Rigole's conviction for first degree murder because he was intoxicated; (2) counsel was ineffective in failing to prove

that "the scene of the incident was in fact [Rigole's] place of residence" and in failing to request a trespass instruction; and (3) counsel provided ineffective assistance regarding the guilty plea.[1]

Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted, to give the state court the first opportunity to address his constitutional claims. To satisfy the exhaustion requirement, petitioner must seek review of his claims in the highest state court with jurisdiction over such claims. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). In Virginia, after the time for direct appeal to the Court of Appeals of Virginia has expired, an inmate can exhaust his state court remedies in one of two ways. First, he can file a state habeas petition with the Circuit Court where he was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia. Va. Code Ann. § 8.01-654(a)(1); § 17.1-411. In the alternative, he can file a state habeas petition directly with the Supreme Court of Virginia. § 8.01-654(a)(1). Whichever route he follows, he must ultimately present his claims to the Supreme Court of Virginia and receive a ruling from that Court before a federal district court can consider the merits of his claims under § 2254.

Rigole's submissions clearly indicate that he has not pursued state court remedies. Rigole indicates that he did not exhaust state court remedies because he "[has] not been able to get appropriate counsel to assure [he] is filing correctly." Because of Rigole's failure to exhaust state court remedies, this court cannot address his claims on the merits and must dismiss his

---

[1] Along with the § 2254 petition form, Rigole submits a number of attachments and motions bearing the heading: "IN THE SUPREME COURT OF THE STATE OF VIRGINIA." The court liberally construed these submissions as motions intended for this court. It may be, however, that Rigole intended to submit these documents to the Supreme Court of Virginia. In the interest of justice, the court will direct the clerk's office to return Rigole's original submissions to him, so that he may submit them to the appropriate court, if he so desires. Petitioner is advised that the time to file a petition for a writ of habeas corpus to the Supreme Court of Virginia is limited by statute. See Va. Code Ann. § 8.01-654(A)(2).

§ 2254 petition without prejudice. See Slayton v. Smith, 404 U.S. 53, 54 (1971) (finding that § 2254 habeas petition must be dismissed without prejudice if petitioner has not presented his claims to the appropriate state court).

Rigole submitted with his § 2254 petition a document styled as a "Writ of Coram Nobis." Federal courts lack jurisdiction to alter the judgment of the state trial courts by way of coram nobis. See Thomas v. Cunningham, 335 F.2d 67, 69 (4th Cir. 1964) ("Error coram nobis . . . cannot issue under the instant proceeding . . . for the judgments are not in the court which Thomas has petitioned."). Therefore, the court will dismiss Rigole's request for coram nobis relief without prejudice. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to the petitioner.

ENTER: This 29th day of May, 2012.

_____
Chief United States District Judge

3